IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRIC OFALASKA

| IN THE MATTER OF THE ARREST OF | Case No.: 4:20-mj-00085-SAO |
|---|---|
| **Wally Roy Carter** | |

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A CRIMINAL COMPLAINT

I, JOLENE GOEDEN, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND TASK FORCE OFFICER BACKGROUND

1. I make this affidavit in support of an application for an arrest warrant for **Wally Roy Carter** (hereinafter "SUBJECT"). An investigation has revealed that there is probable cause to believe that the SUBJECT has committed a violation of 18 U.S.C. §1591(a)(1) and (b)(1), sex trafficking of a minor.

2. I have been a Special Agent with the FBI since March 2004. Since that time, I have been assigned investigative responsibilities in the areas of crimes against children, human trafficking, violent gangs and criminal enterprise investigations in the FBI Anchorage Field Office, where I am currently assigned. The Anchorage Field Office is located within the District of Alaska. During this assignment, I have focused on child pornography, kidnapping, human trafficking, drug, violent gang, criminal enterprises, and felon in possession of a weapon investigations. I have been involved in

1

cases involving the investigation and prosecution of defendants for violations of Title 18 of the United States Code. Further, I have conducted and participated in a number of search warrants, arrest warrants, and interviews of people involved in federal crimes and criminal enterprises.

3. The statements in this affidavit are based in part on information provided to me by other law enforcement officers, police reports and on my own investigation of this matter. Since this affidavit is being submitted for the limited purpose of establishing probable cause in support of a complaint, I have not included each and every fact known to me concerning this investigation. I have only set forth the facts that I believe are necessary to establish probable cause to believe that evidence, fruits, and instrumentalities of the violation of 18 U.S.C. § 1591.

## RELEVANT STATUTES

4. The following statutes are relevant to this affidavit:
   a. A person violates 18 U.S.C. § 1591(a)(1) if the person, knowingly and in or affecting interstate or foreign commerce, recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits a person by any means to engage in a commercial sex act.
   b. 18 U.S.C. § 1591(b)(1) establishes a mandatory minimum penalty of 15 years imprisonment if the victim of the offense had not attained the age of 14 years at the time of the offense.

## DEFINITIONS

1. Based on my training and experience, I use the following technical terms to convey the following meanings:

    a. *Minor* means any person under the age of eighteen years. *See* 18 U.S.C. § 2256(1).

    b. *Sexually explicit conduct* includes the lascivious exhibition of the anus, genitals, or public area of any person. *See* 18 U.S.C. § 2256(2)(A).

    c. *Commercial sex act* means any sex act, on account of which anything of value is given to or received by any person. *See* 18 U.S.C. § 1591(e)(3).

## PROBABLE CAUSE

*Background of the Investigation*

*Minor Victim A*

2. Minor Victim A was interviewed at Alaska Cares on November 5, 2020 and November 13, 2020.

3. Minor Victim A is currently sixteen years old but disclosed she was sexually abused by the SUBJECT in Kotzebue, from the age of ten to thirteen. Victim A stated this occurred approximately fifteen to twenty times. Victim A stated the abuse involved the SUBJECT penetrating her mouth and vagina with his penis.

4. Minor Victim A stated the first time the SUBJECT abused her was when she was ten years old. He took her for a ride in his truck and penetrated her vaginally with his penis, in his truck. Minor Victim A stated the SUBJECT last abused her when she was thirteen years old.

3

5. The SUBJECT gave Victim A money every time he abused her and it was usually $20 or $40. The SUBJECT also often gave her alcohol and marijuana before or after the sexual acts.

6. Minor Victim A stated on one occasion the SUBJECT took her by boat to a cabin. They stayed at the cabin for two days and one night. The SUBJECT gave her alcohol until she could not remember what happened but she woke up naked. Minor Victim A stated that on this trip she ran out of the cabin numerous times and attempted to get away from the SUBJECT, however, he caught her and carried her back into the cabin. She attempted to leave the cabin other times and the SUBJECT grabbed her before she got out of the door and pulled her back in. She stated she tried to leave the cabin five times.

7. Minor Victim A stated the SUBJECT did the sexual things to her in different locations to include her house, his house, his truck, and the cabin. She described multiple sexual instances in his truck on the Loop Road or parked near his airplane.

8. Minor Victim A stated the SUBJECT threatened to do something bad to her if she told anyone what he was doing.

*Interview of Wally Roy Carter*

9. On December 16, 2020, the SUBJECT participated in a non-custodial interview at his residence in Kotzebue, Alaska. The SUBJECT invited agents into his home. He was advised by the agents numerous times throughout the interview that he

4

did not have to speak to the agents, they were guests in his home, and he could ask them to leave anytime.

10. The SUBJECT admitted he vaginally penetrated Minor Victim A with his penis approximately fifteen times. This occurred when the victim was ten to thirteen years old. The victim did not have pubic hair when the sex acts began.

11. The SUBJECT admitted he purchased Trojan condoms from the AC Store for the sole purpose of using with Minor Victim A.

12. The SUBJECT admitted he gave the victim $20 to $40 in cash and alcohol after each sex act. He also had marijuana in his vehicle, which he stated the victim took from him after he sexually abused her.

13. The SUBJECT admitted the sexual acts occurred in his truck, which he identified as a 2013 Ford F-150 truck.

14. The SUBJECT took the victim to the Alaska Commercial Company Store (commonly known as the "AC" or "AC Store") and bought her food when he took her by boat to the cabin where he sexually abused her.

15. The SUBJECT stated he knew the above behavior was wrong but blamed alcohol and the victim. He later stated he was responsible for what happened.

16. The SUBJECT admitted to being sexually attracted to children and that it started when he was young.

17. On December 17, 2020, agents met with the SUBJECT again. At the beginning of this meeting, the SUBJECT was advised of his Miranda Rights. He waived these rights and agreed to speak with agents. Agents reviewed the statements

made by the SUBJECT the day before. The SUBJECT stated they were true and accurate.

*Additional Information*

18. A review of the SUBJECT'S vehicles in the Alaska Public Safety Information Network (APSIN) revealed the SUBJECT has a 2013 Ford F-150 bearing Alaska license plate KAR868 registered in in his name. Based on my information and research, Ford vehicles are not manufactured in Alaska.

19. Based on my information and research, Trojan-branded condoms are not manufactured in Alaska.

20. Based on my information and research, the Alaska Commercial Company (which operates the store from which the SUBJECT purchased the Trojan-brand condoms) is owned and operated by the North West Company, which is based in Canada.

*Summary of Probable Cause*

21. For the reasons stated herein, I submit that there is probable cause to arrest WALLY ROY CARTER, for violations of 18 U.S.C. § 1591(a)(1) and (b)(1), sex trafficking of a minor. This probable cause is based on the following:

   a. Minor Victim A stated the SUBJECT penetrated her vaginally with his penis approximately fifteen times. He then gave her $20 to $40, alcohol, and/or marijuana after these sex acts. Many of the sexual acts occurred in the SUBJECT's truck.

b. The SUBJECT admitted to penetrating Minor Victim A vaginally with his penis approximately fifteen times. He stated he gave her $20 or $40 each time along with alcohol. Although the SUBJECT stated he did not give Minor Victim A marijuana after the sexual acts, he stated the marijuana was in his truck and she took it. The SUBJECT stated he purchased condoms for the sole purpose of using when he sexually abused Minor Victim A.

c. The commercial sex acts included the subject giving the victim money and other things of value such as alcohol and marijuana before and after he performed sexual acts on her.

d. These acts were in or affecting interstate or foreign commerce because the SUBJECT used condoms, which were made outside of Alaska and purchased at a Canadian-owned business, and a truck, which was manufactured outside of Alaska, to facilitate the acts. Additionally, the SUBJECT provided marijuana, a Schedule I controlled substance, to Minor Victim A in connection with the sex acts.

## CONCLUSION

22. For the foregoing reasons, I submit that there is probable cause to believe that WALLY ROY CARTER has committed a violation of 18 U.S.C. § 1591 sex trafficking of a minor.

JOLENE GOEDEN
Special Agent, FBI
Child Exploitation Task Force

~~Subscribed and~~ sworn to before me this
__18th__ day of December, 2020

Scott A. Oravec
United States Magistrate Judge
District of Alaska
Fairbanks, Alaska